## RANDALL *v.* SKINNER.

(Division B. Nov. 27, 1939. Suggestion of Error Overruled Jan. 8, 1940.)

[192 So. 341. No. 33900.]

**Stevens & Stevens,** of Jackson, for appellant.

Hall & Hall, of Columbia, and G. M. Milloy, of Prentiss, for appellee.

Argued orally by **J. Morgan Stevens**, for appellant, and by **Lee D. Hall**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellee recovered a judgment in the circuit court of Marion County against the appellant, in the sum of $1500, on account of personal injuries sustained in a collision between his automobile and a passenger bus owned and operated by the appellant. On appeal here it is urged that the court below erred (1) in refusing the peremptory instruction requested by the appellant, (2) in refusing to instruct the jury that the plaintiff in no event was entitled to recover for an alleged permanent injury or injuries, and (3) in overruling the motion for a new trial on the ground (a) that the verdict was contrary to the overwhelming weight of the evidence, and on the ground (b) that the verdict was excessive.

The evidence was in conflict as to whether the accident was due in whole or in part to the fault of the appellee or to the fault of the driver of the bus, and we deem it unnecessary to review the testimony at length in this opinion. It is sufficient to say that we think there is ample evidence to support the verdict of the jury on the issue of fact in that behalf. We are also of the opinion that the testimony of the appellee and his physician made an issue for jury as to whether or not the injuries sustained by the appellee were permanent. We are also unable to say that the verdict was contrary to the overwhelming weight of the evidence, or that the amount thereof is excessive to such an extent as to evince bias, passion or prejudice on the part of the jury.

It is further urged, in support of the contention that the appellant was entitled to the peremptory instruction requested, that on the day of the accident the appellee signed a statement declaring that he alone was at fault and assuming the full responsibility for the accident

complained of. The testimony discloses, however, that the appellee declined to sign the first statement presented to him in that behalf, on the ground that it was incorrect, and the testimony is in conflict as to whether he signed the final statement offered in evidence without it being read to him, on the assumption that the errors which he pointed out in the first statement had been corrected. That issue of fact was resolved by the jury in favor of the appellee.

The judgment must therefore be affirmed.

Affirmed.